UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

_____

| | |
|---|---|
| JANICE MOLETTE, et al. | CIVIL ACTION NO. CV04-0501-A |
| -vs- | JUDGE DRELL |
| THE CITY OF ALEXANDRIA, et al. | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the Court is Defendants' motion to dismiss Plaintiffs' Second Amended Complaint. (Doc. No. 39). The Defendants have filed a 12(b)(6) motion in accordance with the Federal Rules of Civil Procedure. (Doc. No. 40). After reviewing the parties' extensive pleadings and for the reasons outlined below, Defendants' motion will be GRANTED IN PART and DENIED IN PART. A separate judgment will issue accordingly.

Procedural Background

Plaintiffs, Janice Molette and Keith Williams (hereinafter "Plaintiffs"), brought suit against the City of Alexandria, Sergeant Bruce Fairbanks, Chief of Police Tommy Cicardo, and Officer Chris Wolf (hereinafter, collectively, "Defendants"). Sergeant Fairbanks, Chief Cicardo, and Officer Wolf were sued in both their individual capacities and in their capacities as employees of the City of Alexandria. (Doc. No. 1). Plaintiffs instituted this suit alleging that Anthony

Molette (hereinafter "Mr. Molette") had been denied: (1) the right to be free from unreasonable searches under the Fourth Amendment to the United States Constitution and the Louisiana constitution; (2) the right not to be deprived of life, liberty, or property without due process of law under the Fourteenth Amendment to the United States Constitution and under § 2 of the Louisiana constitution; (3) the right to be accorded equal protection of the laws as guaranteed by the Fourteenth Amendment; and (4) violations of 42 U.S.C. §§ 1981, 1983, and 1985. (Doc. No. 39). Additionally, Plaintiffs (5) allege they were deprived of their right of familial association with Mr. Molette, a right they claim is protected under the Fourteenth Amendment. (Doc. No. 39). Finally, Plaintiffs believe (6) Defendants violated Louisiana state laws against negligence, assault and battery, excessive force, false imprisonment, and intentional infliction of emotional distress. (Doc. No. 39).

Plaintiffs filed their original complaint in this Court on February 20, 2004 (Doc. No. 1). After being served in July 2004, Defendants filed a Motion to Dismiss Plaintiffs' suit on July 29, 2004 pursuant to Rules 12(b)(4), 12(b)(5), 12(b)(6) and/or 4(m) of the Federal Rules of Civil Procedure; La. R.S. 13:5107; and/or Local Rule 41.3W of the Western District of Louisiana for failure to request service and/or serve the suit in a timely fashion. (Doc. No. 6). On November 2, 2004, following oral arguments and extensive briefing, the Court denied Defendants' Motion to Dismiss. (Doc. No. 17). In its ruling, the Court acknowledged that Plaintiffs failed

to meet the protocol for proper service of process and noted that Plaintiffs should have been more diligent in their attempts to follow the rules.

Plaintiffs filed their First Amended Complaint on November 23, 2004. (Doc. No. 19). On December 7, 2004, Defendants filed a Motion to Strike Plaintiffs' First Amended Complaint, asserting Plaintiffs' First Amended Complaint violated Fed. R. Civ. P. 15(a), LR 7.4.1W, and LR 7.6W. (Doc. No. 25). On December 10, 2004, Defendants filed a Motion to Dismiss Plaintiffs' Complaint and First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 28). In their first Motion to Dismiss, Defendants alleged that Plaintiffs' pleadings included several factual and legal problems that should prove lethal to Plaintiffs' action. Fewer than two months later, on January 14, 2005, Plaintiffs returned to Court and filed a Second Amended Complaint without leave of the Court. (Doc. Nos. 39 and 35). On January 19, the Court granted leave to Plaintiff to file a Second Amended Complaint. (Doc. No. 37). On January 31, 2005, Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint, citing the same grounds and objections as Defendants presented regarding Plaintiffs' two previous complaints. (Doc. No. 40).

After trying three times to plead all of their claims, Plaintiffs have had more than ample opportunity to present their claims to the Court. Because of the nature of their case, the Court has been solicitous in not dismissing Plaintiffs' original complaint for failure to prosecute the case in a timely manner. The Court

has also been flexible in granting Plaintiffs leave to file their first and second amended complaints. Thus, the pleadings are deemed ripe for decision on Defendants' present motion.

Factual Background

Janice Molette claims to be Mr. Molette's mother and Keith Williams claims to be his brother. They bring suit against the City of Alexandria and three of the City's police officers on the basis of the events described below.[1]

On February 20, 2003, police officers from the Alexandria Police Department sought to serve an arrest warrant arising from Mr. Molette's failure to appear in court. The officers also had a search warrant. The officers located Mr. Molette in a home he was occupying "with the permission of Sherry Atkins, a granddaughter of the owner." (Doc. No. 39). Mr. Molette had been occupying the house for two days, apparently sleeping in the dwelling.

Plaintiffs allege the search warrant required the officers to knock and announce their presence prior to entering the dwelling where Mr. Molette was found, but upon arriving at the dwelling, the officers executed a previously formulated plan to enter the dwelling without announcing their presence. (Doc. No. 39). According to Plaintiffs, upon entering, the officers "began firing tear gas

---

[1] Since Defendants are awaiting the disposition of their Motion to Dismiss before filing an answer to Plaintiffs' Complaints, all facts are set forth as the Plaintiff alleges that they occurred. The Court does not adopt these facts as true.

4

and bullets into the residence." (Doc. No. 39). A shootout ensued, resulting in the death or injury of several Alexandria police officers. (Doc. No. 39). Once the shootout ended, the officers allegedly told Mr. Molette to exit the residence and Mr. Molette did so with the intent of surrendering. (Doc. No. 39). Mr. Molette emerged from the residence with "his hands and weapon held above his head." (Doc. No. 39). He was subsequently shot at least six times by the police officers, and died. (Doc. No. 39). Plaintiffs allege that at the time of his death, the Alexandria Police Department had surrounded the residence and the officers had all exits guarded such that Mr. Molette could not have escaped. (Doc. No. 39).

Law and Analysis

Defendants request that the Court dismiss Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) allows a party to request that the Court dismiss an action on the grounds that the Plaintiff failed "to state a claim upon which relief can be granted." A Rule 12(b)(6) motion is viewed with disfavor by the law and is rarely granted. Priester v. Lowndes County, 354 F.3d 414, 419 (5th Cir. 2004).[2]

---

[2] Plaintiffs correctly assert that dismissal on 12(b)(6) grounds is generally disfavored (Doc. No. 34). However, they incorrectly assert that this disfavor should result in the Court permitting plaintiffs to amend their pleadings. The general rule does not require a court to allow the plaintiffs to amend. Rather, the general rule is that a *pro se* party should be given every reasonable opportunity to amend. Pena v. U.S., 157 F.3d 984, 987 n. 3 (5th Cir. 1998). Since the Plaintiffs before this Court are not pro se, this rule does not apply to the case at hand.

To avoid dismissal on a allegations.  <u>Tuchman v. DSC Communications Corp.,</u> 14 F.3d 1061, 1067 (5th Cir. 12(b)(6) motion, the plaintiff must have pled specific facts, not mere conclusory 1994).  With these facts, the plaintiff is required to "allege all of the elements of a right to recover against a defendant."  <u>Id.</u>  The Court will construe the facts in a well-pleaded complaint in the plaintiff's favor and these facts are taken to be true.  <u>Priester,</u> 354 F.3d at 419.  The Court also considers all reasonable inferences from the well-pled complaint.  <u>Tuchman,</u> 14 F.3d at 1067.  The Court does not accept as true any conclusory allegations or unwarranted deductions.  <u>Id.</u>

Therefore, a court will not dismiss a plaintiff's claim unless "the plaintiff will not be entitled to relief under any set of facts or any possible theory that [plaintiff] could prove consistent with the allegations of his complaint."  <u>Priester</u>, 354 F.3d at 419.  The question the Court must consider when ruling on a Rule 12(b)(6) motion is:  "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  <u>Beanal v. Freeport-McMoran, Inc.,</u> 197 F.3d 161, 164 (5th Cir. 1999).

A.      <u>Wrongful Death and Survival Actions</u>

Defendants first claim that Plaintiffs' complaint must be dismissed because Plaintiffs fail to allege a familial relationship that would entitle Plaintiffs to recover.  (Doc. No. 24).  Louisiana Civil Code articles 2315.1 and 2315.2 set forth

the hierarchy governing who can recover in wrongful death and survival actions.

Both statues allow parties to recover as follows:

(1) The surviving spouse and child of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them if he [the deceased] left no spouse or child surviving.

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent or sibling surviving.

Federal courts do not apply the hierarchy established in articles 2315.1 and 2315.2 to claims asserted under federal law. <u>Logan v. Hollier</u>, 711 F.2d 690, 690 (5th Cir. 1983).[3]

Plaintiffs have not alleged Mr. Molette died without a surviving spouse and/or child. However, federal courts only require that the plaintiff provide a short and plain statement of the facts alleged. Fed. R. Civ. P. 8(a). Ms. Molette has satisfied the notice pleading standard with regard to showing that she may have standing to bring a cause of action under articles 2315.1 and 2315.2. Since Defendants have not indicated that Mr. Molette did have a wife or child, Defendants' Motion to Dismiss will be denied as to Ms. Molette's right to maintain an action under these two statutory provisions.

---

[3] Defendants cite the <u>Logan</u> case in their Motion to Dismiss the Original Complaint (Doc. No. 28), which they incorporate by reference into their Memorandum in Support of Motion to Dismiss the Second Amended Complaint (Doc. No. 40), to claim that the hierarchy established by Articles 2315.1 and 2315.2 also applies to federal law claims. However, the case clearly supports the contrary position. In <u>Logan</u>, the district court had determined that the state law hierarchy precluded a decedent's mother from recovering on her § 1983 claims where the decedent had living children. The Fifth Circuit vacated and remanded.

Regardless of whether Mr. Molette died with a surviving wife and/or child, the statute precludes Mr. Molette's brother from recovering in a wrongful death or survival action where at least one of Mr. Molette's parents is still living. Since Ms. Molette claims to be Mr. Molette's mother and Mr. Williams to be his brother, the statute precludes any recovery by Mr. Williams in a wrongful death or survival action. Defendants' Motion to Dismiss will be granted because of Mr. William's legal inability to bring a cause of action under articles 2315.1 or 2315.2.

B.     Standard applied to § 1983 Claims

To be liable under 42 U.S.C. §1983, a defendant must have been delegated policy-making authority under state law. To support a claim under §1983, the plaintiff must show (1) that the plaintiff was mistreated by a person acting under color of state law and (2) that the person's conduct deprived the plaintiff of rights protected by federal statutes or the Constitution. Oladipupo v. Austin, 104 F.Supp. 2d 626, 633 (W.D. La. 2000). In the current action before this Court, the parties do not disagree Defendants were acting under color of state law; rather, the parties disagree as to whether Mr. Molette's and/or Plaintiffs' constitutional rights were violated. As noted above, Plaintiffs claim that Mr. Molette had been denied a constitutional right to be free from unreasonable searches under the Fourth Amendment; the right not to be deprived of life, liberty, or property without due process of law under the Fourteenth Amendment; and the deprivation of their Fourteenth Amendment right of familial association with Mr. Molette.

1. Right to be Free from Unreasonable Searches and Seizures

To determine whether a Fourth Amendment violation has occurred, the complaining party must show he had a reasonable expectation of privacy and that the expectation was one society is prepared to accept as reasonable. <u>Oliver v. United States,</u> 466 U.S. 170, 177, 104 S.Ct. 1735, 1741 (1984)(citing <u>Katz v. United States,</u> 389 U.S. 347, 88 S.Ct. 507 (1967)). The expectation of privacy in one's home is higher than it is in other places. <u>Payton v. New York,</u> 445 U.S. 573, 100 S.Ct. 1371 (1980). Defendants assert that Mr. Molette's right to be free from unreasonable searches and seizures was not violated because Mr. Molette had no constitutionally recognized expectation of privacy in the dwelling he was inhabiting. (Doc. Nos. 24 and 40).

Defendants are correct that officials do not violate a person's Fourth Amendment rights when officers search a home or dwelling in which the person has no constitutionally protected privacy interest. <u>Minnesota v. Carter</u>, 525 U.S. 83, 90-91, 119 S.Ct. 469, 474 (1998). To determine whether a party might have a legitimate expectation of privacy in a dwelling, the Supreme Court has considered factors such as whether the person remained overnight on the premises; whether he occupied the premises purely for commercial purposes; and whether he had a prior relationship with the owner of the premises. <u>Id.</u> The Supreme Court articulated that "an overnight guest in a home may claim the protection of the

Fourth Amendment, but one who is merely present with the consent of the householder may not." Id.

Since Plaintiffs allege that Mr. Molette occupied the premises for at least two days continuously, that he slept in the dwelling, and that he was in the dwelling with permission, the Court finds Mr. Molette MAY have had a constitutionally protected privacy interest in the dwelling that MAY have been unconstitutionally violated by Defendants. Further, since the dwelling was a residence, society may be willing to accept that expectation of privacy as reasonable. Therefore, the Defendants' motion to dismiss Plaintiffs' Fourth Amendment claims must be denied at this preliminary stage.

Plaintiffs assert that Defendants' actions also violated Mr. Molette's right to be free from unreasonable searches and seizures under the Louisiana constitution. (Doc. No. 39). Defendants correctly respond that Louisiana jurisprudence is essentially identical to the federal law with respect to these claims. (Doc. No. 24). See State v. McKinney, 93-1425 (La. App. 4 Cir. 5/17/94), 637 So.2d 1120, 1125 -1126 (La.App. 4 Cir.,1994). Therefore, for the reasons discussed above, Defendants' Motion to Dismiss Plaintiffs' claims for unreasonable searches and seizures under the Louisiana constitution also will be denied at this time.

2. Deprivation of Life, Liberty, or Property without Due Process under the Fourteenth Amendment

The Court agrees with Defendants' argument that Plaintiffs have not clearly alleged how the Fourteenth Amendment is implicated in the present case. (Doc. No. 24). Since Plaintiffs do not appear to be alleging that Mr. Molette was deprived of liberty or property, the Court assumes Plaintiffs' claim alleges a deprivation of Mr. Molette's life without due process under the Fourteenth Amendment.

The Fourteenth Amendment "secure[s] the individual from the arbitrary exercise of the powers of the government." Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 664 (1986). Allegations that a governmental official acted negligently in causing an injury are not sufficient to constitute a claim for the deprivation of a Fourteenth Amendment right without due process. Id. at 665.

The Court will grant Defendants' Motion to Dismiss these claims. Plaintiffs have not alleged that Defendants acted arbitrarily at the scene of the attempted search and arrest. Rather, as discussed below, Plaintiffs allege Defendants acted negligently. Because negligence is not sufficient to sustain a Fourteenth Amendment due process challenge, Plaintiffs' claim for depravation of life, liberty, or property without due process under the Fourteenth Amendment will be dismissed.

3. Section 1983 Claim Against the City of Alexandria

Plaintiffs seek to hold the City of Alexandria liable for the manner in which the raid on the dwelling that Mr. Molette occupied was allegedly executed. They claim the raid was approved by Chief of Police Cicardo prior to the raid and the manner in which Mr. Molette was seized was approved by Chief Cicardo afterward. (Doc. No. 34).

Municipalities are "persons" under § 1983 and cities may be held liable when one who represents the government executes a government's policy or custom that causes a violation of a constitutional or statutory right. <u>Monell v. Dept. of Social Services of the City of New York,</u> 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). However, one incident is not sufficient to establish a policy or custom. <u>Burge v. St. Tammany Parish</u>, 336 F.3d 363, 370 (5th Cir. 2003)(stating that "proof of a custom or practice requires more than a showing of isolated acts").

Although a city may be held liable for § 1983 violations, Plaintiffs have failed to show the City of Alexandria maintained a policy or custom to deprive citizens such as Mr. Molette of their constitutional rights. Rather, Plaintiffs have alleged that one person's rights were violated on one occasion. This allegation is insufficient to maintain a §1983 claim against the City of Alexandria. Therefore, Defendants' motion to dismiss Plaintiffs' § 1983 claims against the City of Alexandria will be granted.

4. Deprivation of Right of Familial Association in violation of the Fourteenth Amendment

Plaintiffs do not bring their claims for deprivation of the right of familial association in their representative capacities. They seek to recover for their own alleged injuries arising from Mr. Molette's death.

The Supreme Court has recognized that each person has a freedom to "enter into and maintain certain intimate human relationships" and that those relationships must be "secure against undue intrusion by the State." Roberts v. U.S. Jaycees, 468 U.S. 609, 617-618, 104 S.Ct. 3244, 3249 (1984). However, the right is limited. The most analogous, published case the Court has found discussing the right of familial association is the Tenth Circuit's decision in Trujillo v. Board of County Com'rs, 768 F.2d 1186 (10th Cir. 1985). In Trujillo, the mother and sister of a man who died while incarcerated asserted their own claims for deprivation of familial association under the First and Fourteenth Amendments. Trujillo, 768 F.2d at 1187. The Court concluded that to state a claim for deprivation of familial association under § 1983, a plaintiff must allege that the defendant intended "to interfere with a particular relationship protected by the freedom of intimate association." Id. at 1189, 1190. The Court determined that the plaintiffs failed to plead that the defendants acted with the requisite intent. Therefore, defendant's motion to dismiss for failure to state a claim was granted even though the state may have acted improperly or unconstitutionally. Id. at 1190.

The Court adopts the same analysis the Tenth Circuit applied in Trujillo. In the case before the Court, Plaintiffs have not alleged Defendants intentionally deprived them of their right to familial association. Therefore, Plaintiffs have failed to properly allege a cause of action for deprivation of familial association and Defendants' Motion to Dismiss Plaintiffs' claim for such deprivation must be granted.

C.    Section 1981 Claims

Plaintiffs broadly assert Mr. Molette's rights were violated under 42 U.S.C. § 1981. (Doc. No. 39). Section 1981 provides, in part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings for the security of the persons and property as is enjoyed by white citizens.

For a plaintiff to establish a claim under § 1981, he must allege facts that support the following elements: (1) the plaintiff was a member of a racial minority; (2) defendant intended to discriminate on the basis of race; and (3) the discrimination concerns one or more of the activities enumerated in the statute. Felton v. Polles, 315 F.3d 470, 483 (5th Cir. 2002).

Plaintiffs have failed to plead all required elements of a cause of action under § 1981. Even if the Court assumes that Plaintiffs are alleging that Mr. Molette was not afforded the full and equal benefits of the law, Plaintiffs failed to plead that Mr. Molette was a member of a racial minority or that Defendants

intended to discriminate against him because he was a member of a racial minority. Although the Court may supply the knowledge that Mr. Molette was a member of a racial minority, the pleadings are grossly insufficient to allege a § 1981 violation occurred as a result of the unfortunate events surrounding this case.

Because Plaintiffs failed to plead two of the three required elements under § 1981, the Defendants' Motion to Dismiss will be granted as to Plaintiffs' § 1981 claim.

D.    Section 1985 Claims

Much like Plaintiffs' § 1981 claims, Plaintiffs make very broad assertions that Mr. Molette's rights under 42 U.S.C. § 1985 were violated, without explaining when or how a violation allegedly occurred. (Doc. No. 39). After reading the statute, the Court agrees with Defendants' argument that Plaintiffs must be asserting their claims under § 1985 (3).[4] (Doc. No. 24). To maintain a claim under § 1985(3), a plaintiff must allege that "(1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in

---

[4] As Defendants note in their original Motion to Dismiss, § 1985(1) concerns preventing an officer from performing his duty, and § 1985(2) addresses obstructing justice, intimidating a party, witness or juror. These subsections do not appear to apply to the matter before the court. Therefore, the Court has also concluded that Plaintiffs assert their claims under § 1985(3).

furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by racial animus." <u>Horaist v. Doctor's Hosp. of Opelousas</u>, 255 F.3d 261, 270 n.12 (5th Cir. 2001)(quoting <u>Wong v. Stripling</u>, 881 F.2d 200, 202-3 (5th Cir. 1989)).

Plaintiffs have pled each of the elements except that the alleged conspirators' action was motivated by racial animus. None of Plaintiffs' three complaints make any references to race or racial animus. Because Plaintiffs have failed to allege all elements showing their right to recover, Defendants' Motion to Dismiss Plaintiffs' § 1985 claims will be granted.

E.    <u>Remaining State Law Claims</u>

1. Negligence

Louisiana courts often apply a duty-risk analysis to determine liability in negligence actions. See, for example, <u>Henry v. Barlow</u>, 04-1657 (La. App. 3 Cir. 5/4/05), 901 So. 2d 1207, 1211. The negligence analysis requires that the plaintiff prove the defendant owed the plaintiff a duty of care, that the defendant breached the duty of care, that defendant's conduct was the cause-in-fact of the injury, and that the injury was within the scope of protection afforded by the duty that was breached. <u>Id.</u> All four elements must be satisfied for the plaintiff to recover. <u>Id.</u>

Each police officer owes a duty to the public to act as a reasonable man. <u>Wellman v. Evans</u>, 03-1720 (La. App. 3 Cir. 6/16/04), 876 So. 2d 954, 958. Whether

an officer breaches his duty is determined from examining the totality of the circumstances surrounding the event about which a plaintiff complains. Id. The "officer's actions need not be the best method of approach; rather, the standard of care requires choosing only a course of action that is reasonable under the circumstances." Id. (citing Courville v. City of Lake Charles, 98-73 (La. App. 3 Cir. 10/28/98), 720 So. 2d 789 (internal quotation marks omitted)).

Plaintiffs have asserted that Defendants owed a duty to Mr. Molette to act reasonably, that Defendants breached that duty when Mr. Molette was shot, and the breach caused Mr. Molette to die. Because Plaintiffs have alleged all elements of a negligence cause of action, they have stated a claim on which the Court could grant relief. Therefore, Defendants' Motion to Dismiss will be denied on Plaintiffs' negligence cause of action.

2. Assault and Battery

A battery occurs when a person intends to commit an act that will result in harmful or offensive contact with another person and such contact does result. Boone v. Reese, 04-979 (La. App. 3 Cir. 2004), 889 So. 2d 435, 440 (citing Caudle v. Betts, 512 So. 2d 389, 391 (La. 1987)). The defendant does not have to intend that the touching be offensive. Landry v. Bellanger, 851 So.2d 943, 949 (La. 2003). An assault occurs where one person threatens another and the threatening person has the present ability to carry out those threats so that the person

threatened is "placed in reasonable apprehension of receiving an injury." Johnson v. English, 34-322 (La. 5 Cir. 12/20/2000), 779 So. 2d 876, 880.

Plaintiffs have pled sufficient facts to maintain causes of action for battery and assault.  Plaintiffs allege that Defendants intentionally shot Mr. Molette. Being shot by another person is obviously harmful or offensive contact sufficient to constitute a battery.  Further, as pled, the Court considers the officers' armed presence at the home a potential threat to Mr. Molette from which the Court can reasonably infer that Mr. Molette may have felt reasonable apprehension of sustaining an injury.  Therefore, Defendants' Motion to Dismiss will be denied as to Plaintiffs' claims for assault and battery.

3. Excessive Force

Louisiana Code of Criminal Procedure article 220 provides: "A person shall submit peaceably to a lawful arrest.  The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained." La. C.Cr.P. art. 220.

Plaintiffs' allegations show that Mr. Molette did not submit peaceably to Defendants' attempts to effectuate a lawful arrest.  Plaintiffs do, however, allege that Defendants used force beyond what was reasonable under the circumstances.  Therefore, Defendants' Motion to Dismiss Plaintiff's claim for excessive force will be denied.

4. False Imprisonment

Under Louisiana state law, the tort of false arrest or imprisonment consists of: (1) the detention of a person; and (2) the unlawfulness of the detention. Slaydon v. State Through Dept. of Wildlife & Fisheries, 93-1380 (La. App. 3 Cir. 5/4/94), 636 So. 2d 1151, 1152. An unlawful detention occurs where a person is restrained by another who acts without any color of legal authority. Deville v. Jefferson Parish Sheriff's Dept., 99-1629 (La. App. 3 Cir. 5/3/00), 762 So. 2d 641, 643. If an arrest is effectuated "without any legal process or warrant or under a warrant void and null upon its face, a false imprisonment has occurred." Id.

Although Plaintiffs have not specifically alleged Mr. Molette was detained, the Court may infer from Plaintiffs' pleadings that Plaintiffs consider Mr. Molette was detained from their allegation that the Alexandria officers surrounded the dwelling so that Mr. Molette could not escape. Even if Plaintiffs alleged that Mr. Molette was detained, Plaintiffs have failed to allege the detention was unlawful. Rather, Plaintiffs concede that Defendants had both a search warrant and an arrest warrant. Because Defendants' warrants entitled them to detain Mr. Molette, no unlawful detention was effectuated. Therefore, Defendants' Motion to Dismiss will be granted with respect to Plaintiffs' claims for false arrest and false imprisonment.

5. Intentional Infliction of Emotional Distress

The three elements a plaintiff must plead to sustain a cause of action for the intentional infliction of emotional distress are: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiffs was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that sever emotional distress would be certain or substantially certain to result from his conduct." <u>Sparks v. Donovan,</u> 2004-388 (La. App. 3 Cir. 10/13/04), 884 So. 2d 1276, 1282. The Court agrees with Defendants' assertion that Plaintiffs' pleadings are ambiguous as to who allegedly suffered emotional distress. Regardless of who allegedly suffered emotional distress, the Defendants' Motion to Dismiss the claim will be granted. The Court may infer from Plaintiffs' pleadings that Plaintiffs allege the Defendants' conduct to have been extreme and outrageous. However, Plaintiffs have made no allegations to the effect that either Mr. Molette or Plaintiffs suffered any emotional distress or that Defendants intended to inflict any emotional distress upon Mr. Molette or Plaintiffs. Therefore, Plaintiffs have failed to allege all elements of the cause of action and Defendants' Motion will be granted as to this issue.

<u>Conclusion</u>

For the reasons listed above, the Court will GRANT Defendants' Motion to Dismiss for the following claims: (1) Mr. Williams' claim to recover under Louisiana Civil Code articles 2315.1 and/or 2315.2; (2) Plaintiffs' claim for

deprivation of life, liberty, or property without due process of law under the Fourteenth Amendment; (3) Plaintiffs' § 1983 claims against the City of Alexandria; (4) Plaintiffs' claims for deprivation of the right of familial association in violation of the Fourteenth Amendment; (5) Plaintiffs' claims under §§ 1981, 1985; (6) and Plaintiffs' state law claim for false imprisonment.

The Court will DENY Defendants' Motion to Dismiss as to the claims:  (1) Ms. Molette's claim to recover under Louisiana Civil Code articles 2315.1 and 2315.2; (2) Plaintiffs' unreasonable search and seizure claims under the Fourth Amendment and the Louisiana constitution; and (3) Plaintiffs' state law claims for negligence, assault and battery, and excessive force.  A separate judgment will be issued accordingly.

SIGNED on this 30th day of September, 2005 in Alexandria, Louisiana.


_____
Dee D. Drell
United States District Judge